UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AQEEL MIXON,                              Case No. 19-12282

             Plaintiff,                 Terrence G. Berg
v.                                       United States District Judge

TRANSUNION CONSUMER                      Michael J. Hluchaniuk
SOLUTIONS, *et al*,                      United States Magistrate Judge

             Defendants.
_____/

**REPORT AND RECOMMENDATION: RULE 41(b) DISMISSAL
AND TERMINATION OF MOTION TO DISMISS (ECF No. 22)**

## I.      PROCEDURAL HISTORY

Plaintiff Akeel Mixon filed this *pro se* civil rights complaint on August 2,

2019.   (ECF No. 1).   On August 5, 2019, District Judge Terrence G. Berg referred

the matter to then-Magistrate Judge Stephanie Dawkins Davis for all pretrial

matters.   (ECF No. 6).   The case was later reassigned and referred to the

undersigned for all pretrial matters.   (ECF No. 27).   On November 8, 2019,

defendant Equifax Information Services, LLC, filed a motion to dismiss.   (ECF

No. 22).   On November 19, 2019, the court ordered Mixon to respond to the

motion to dismiss by December 13th.   (ECF No. 23).   The order warned that

"**Failure to file a response may result in sanctions, including granting all or

part of the relief requested by the moving party**."   (ECF No. 27, emphasis in

original).   On January 6, 2020, having received no response from Mixon, the Court ordered Mixon to show cause why the case should not be dismissed due to his failure to file a response.   (ECF No. 27).   His response to the order to show cause was due January 21, 2020.   The order warned Mixon that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion for summary judgment[1] will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b).**"   (ECF No. 27, emphasis in original).

As of the date of this report and recommendation, Mixon has not filed a response to the order to show cause or a response to the motion to dismiss. Consequently, for the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motion to dismiss be **TERMINATED** as moot.

## II.    ANALYSIS AND CONCLUSIONS

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order.   *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed.

---

[1] This is an error.   The pending dispositive motion is a motion to dismiss, as discussed earlier in the order to show cause.   (ECF No. 27).   If Mixon became confused by this language at the end of the order to show cause, he had every opportunity to reach out to the Court for clarification, but he failed to do so.

Appx. 294, 296 (6th Cir. 2001); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court."). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link*, 370 U.S. at 629.  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link*, 370 U.S. at 629-630.  "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements."  *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991).  Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure."  *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate

> could lead to dismissal; and (4) whether less drastic
> sanctions were imposed or considered before dismissal
> was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).   Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."   *Knoll*, 176 F.3d at 363.   On balance, these factors weigh in favor of dismissal here.   With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*.   Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case."   *Id*.   For these reasons, the first and second factors weigh in favor of dismissal.

Moreover, based on the warnings given to Mixon, the third factor also clearly weighs in favor of dismissal.   This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless.   *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012); *Labreck v.*

4

*U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. Jan. 25, 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), report and recommendation adopted, 2013 WL 509964 (E.D. Mich. Feb. 12, 2013); *Williams v. Cty. of Saginaw*, 2019 WL 5957234, (E.D. Mich. Oct. 21, 2019), report and recommendation adopted, 2019 WL 5896603 (E.D. Mich. Nov. 12, 2019). Importantly, despite the court's warning that the motion to dismiss would be granted, and later that his action may be dismissed, Mixon failed to respond to the Court's order to show cause.   In the order to show cause, the Court warned that **"[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion for summary judgment will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b)."**   (ECF No. 27, emphasis in original). Despite this clear warning, Mixon has provided no good reason why the undersigned should not dismiss the complaint against these defendants.   *See Labreck*, *2.

And finally, given Mixon's failure to respond to the motion to dismiss or to the court's order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions.   Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case."   *White*, 2008 WL 2216281, *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also*

*Labreck*, 2013 WL 511031, *2; *McMillian v. Captain D's*, 2007 WL 2436668, *2

(D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of

plaintiff's failure to respond despite being advised of the applicable procedures and

possible consequences for failure to respond adequately).   Thus, taken together,

these factors support dismissal for failure to prosecute.

The undersigned concludes that, for the reasons discussed above, Mixon has

effectively abandoned his case by repeatedly failing to follow the court's orders.

Under these circumstances, dismissal with prejudice is appropriate.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil

Procedure 41(b), and that the pending motion to dismiss be **TERMINATED** as

moot.

The parties to this action may object to and seek review of this Report and

Recommendation but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).   Failure to file specific objections constitutes a waiver of any further right

of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and

Human Servs.*, 932 F.2d 505 (6th Cir. 1981).   Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 30, 2020        s/Michael J. Hluchaniuk
                                         Michael J. Hluchaniuk
                                         United States Magistrate Judge